IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CR-271-H
No. 5:13-CV-787-H

| | |
|---|---|
| TRAVIS DESHON MCNEILL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter is before the court on the government's motion to dismiss [D.E. #42] in response to petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [D.E. #35] and petitioner's motion for appointment of counsel [D.E. #36]. Petitioner has filed a reply, and these matters are ripe for adjudication.

### BACKGROUND

On October 6, 2011, petitioner pled guilty, pursuant to a written plea agreement, to one count of a criminal information charging petitioner with conspiracy to distribute and possess with the intent to distribute 280 grams or more of cocaine base and five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. [D.E. #8, 11]. On April 9, 2012, the court sentenced petitioner to a term of imprisonment of 172 months. [D.E.# 29,

33]. Judgment was entered on April 25, 2012. [D.E. #33]. Petitioner did not appeal; therefore, his judgment became final on "the date upon which [petitioner] declined to pursue further direct appellate review." United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001).

On November 5, 2013, petitioner filed the instant motion to vacate his sentence [D.E. #35] and a motion for appointment of counsel [D.E. #36]. In petitioner's motion to vacate, he claims that: (1) the court erred in establishing the offense level for the purpose of determining the sentencing guideline [D.E. #35-1 at 4, 5]; (2) the court erred in imposing a two-level enhancement to the sentencing guideline [D.E. #35-1 at 5, 6]; and (3) the use of petitioner's "unprotected statements" was inappropriate in the determination of his guideline calculation [D.E. #35-1 at 6-8].

## COURT'S DISCUSSION

Title 28 U.S.C. § 2255 imposes a one-year statute of limitations on actions filed pursuant to that section. The pertinent text of 28 U.S.C. § 2255 provides that:

> A 1 year limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental

2

action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2255(f).

Petitioner's 28 U.S.C. § 2255 motion was not filed within one year of his judgment becoming final. Therefore, petitioner's motion was not filed within the statutory period set forth in section 2255(f)(1). Petitioner contends that recent decisions such as United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and Alleyne v. United States, 133 S. Ct. 2151 (2013), provide a sufficient basis to extend the limitations period pursuant to 28 U.S.C. § 2255(f)(3). Alleyne does not apply retroactively to cases on collateral review. Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013); Clay v. United States, 4:04-CR-65-H (E.D.N.C. May 6, 2014). Although relief pursuant to Simmons has been held to be retroactively available, See Miller v. United States, 735 F.3d 141, 145, 146 (4th Cir. 2013), it is not a Supreme Court decision and is therefore

3

insufficient to support an extension of the limitations period pursuant to 28 U.S.C. § 2255(f)(3). Consequently, petitioner has not alleged sufficient facts to warrant an extension of the limitations period pursuant to 28 U.S.C. § 2255(f)(3) or justify equitable tolling. Petitioner's 28 U.S.C. § 2255 motion is untimely and is therefore DISMISSED.

Additionally, petitioner does not have a constitutional right to assistance of counsel to collaterally attack his conviction. Pennsylvania v. Finley, 481 U.S. 551, 555 (1990); See United States v. Vasquez, 7 F.3d 81, 83 (5th Cir. 1993) (A prisoner is not constitutionally entitled to appointment of counsel in a 28 U.S.C. § 2255 proceeding.) Although a statutory right to appointment of counsel in 28 U.S.C. § 2255 proceedings exists pursuant to Rule 8 if an evidentiary hearing is warranted, Vasquez, 7 F.3d at 83, no evidentiary hearing is warranted in the instant matter because petitioner has failed to state a claim for which relief can be granted. Therefore, petitioner's motion for appointment of counsel is DENIED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [D.E. #42] is GRANTED, petitioner's section 2255 motion [D.E. #35] is DISMISSED, and his motion for appointment of counsel [D.E. #36] is DENIED. The clerk is directed to close this case.

4

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this Court's dismissal of petitioner's § 2255 motion debatable. Therefore, a certificate of appealability is DENIED.

This 19th day of December 2014.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34